[No. 20747.    Department Two.    November 29, 1927.]

MARTHA V. SMITH, *Respondent*, v. MAYNER MOTOR COMPANY, *Appellant*.[1]

Appeal from a judgment of the superior court for King county, Douglas, J., entered December 29, 1926, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Hartge & Cadwallader*, for appellant.
*John J. Kennett*, for respondent.

HOLCOMB, J.—Respondent sued to recover, upon an implied assumpsit, the alleged sale price of a second-hand Essex automobile. Although the contract was oral, a written instrument, dated January 2, 1926, in the nature of an order for the purchase of a new Chevrolet coupe, to be delivered in the spring, signed by respondent and by a salesman of appellant, entered into the transaction.

[1] Reported in 261 Pac. 1118.

After a trial upon conflicting evidence, the court made substantially the following findings of fact: That respondent, on or about January 2, 1926, sold and delivered to appellant a certain Essex coach automobile, and agreed to purchase from appellant a new Chevrolet coupe at the price of $845, it being then and there understood and agreed between the parties that the sale price of $375 on the Essex automobile should be applied upon the purchase price of the new Chevrolet; that, on or about January 2, 1926, respondent delivered her Essex automobile to appellant, who took possession, and ever since has had possession and control thereof; that appellant became the owner of the Essex automobile at the time the same was delivered to it; that prior, to the institution of suit, formal demand was made upon appellant for the delivery of a new Chevrolet coupe, and that appellant refused to deliver a Chevrolet in accordance with the agreement between the parties; that respondent was, at all times prior to the institution of suit, ready and willing to perform all of the agreements under the contract, but that appellant refused to permit her so to do; that the Essex automobile delivered to appellant by respondent was, at that time, worth, and the reasonable market value of the automobile at that time was, the sum of $375; that the Essex automobile delivered to appellant was the separate property of respondent.

Upon the above findings, the court concluded that respondent was entitled to recover from appellant the sum of $375, and accordingly judgment was entered therefor.

We agree with respondent that the only question to be determined is, Was there a valid contract for exchange of cars entered into between appellant and respondent?

We have examined the evidence and there can be no just contention that the evidence preponderates against the findings. On the contrary, we think it fully sustains them.

The above being true, it is unnecessary to discuss and pass upon the questions attempted to be raised by appellant.

The judgment is affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and ASKREN, JJ., concur.